**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEREK DON POSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-128-PRW |
| ) | |
| CHRISTE QUICK, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

# **ORDER**

On February 21, 2025, the Court held a case management conference during which the Court entered the following orders:

- **State court record**: Respondent shall electronically file the state court record, including all trial and post-conviction proceedings, by July 21, 2025.

    o In all subsequent filings, citations to electronically filed documents shall reference the CM/ECF pagination.

    o Respondent shall submit two separate filings, one containing all trial court transcripts and the other containing the remainder of the record. Each filing shall be a comprehensive index, attaching all documents listed on the index, which documents shall be organized

chronologically.[1]

- o All documents submitted for electronic filing shall be converted to a searchable-text .pdf document and the record shall be indexed by insertion of "bookmarks" that display each exhibit and the name of that exhibit in the record.

- o As discussed during the conference, Respondent may conventionally file those portions of the record that cannot be filed electronically and shall include a placeholder "bookmark" noting such conventional filing—this includes any videos or audio recordings. Respondent may conventionally file the photos and multimedia messages as discussed during today's conference and shall include a placeholder "bookmark" noting such conventional filing. Counsel shall file a notice of conventional filing for anything filed conventionally.

- o As discussed during the conference, portions of the record pertaining to jury selection, juvenile records, or personal identifiers of witnesses that are held under seal by the state courts shall remain under seal when filed in this Court.

---

[1] If Respondent anticipates that it will take more than 30 minutes to upload each portion of the record to the Court's ECF system, counsel should contact the ECF Help Desk prior to filing.

- o As discussed during the conference, Respondent shall redact minor's names, personal data identifiers, and the names of the sexual assault victims who testified in this matter.

- o In the event that either party determines a need to request that any further portion of the record be filed under seal or redacted, such party shall file a motion seeking leave of the Court.

- o The following courtesy copies shall be provided to the Court:

  - entire trial transcript and admitted exhibits;

  - all prior substantive briefing and orders on direct appeal and application(s) for post-conviction relief; and

  - other pleadings before trial court, OCCA, or Supreme Court only if they are relevant to issues to be raised in the petition.

- o If a portion of the record is relied upon by a party in its briefing, but has not been provided to the Court as a courtesy copy, that party must provide a courtesy copy of the document together with the pleading.

- **Petition**: Petitioner shall file the petition for writ of habeas corpus by January 21, 2026.[2]

---

[2] This Order sets the deadline by which the petition must be filed but it is Petitioner's responsibility to determine when the statute of limitations period will expire. Nothing in this Order shall be construed as tolling or otherwise extending the statute of limitations. *See* 28 U.S.C. § 2244(d).

- **Response**: Respondent shall file a response within ninety (90) days after the filing of the petition.

- **Reply**: Petitioner may file a reply within forty-five (45) days after the filing of the response.

- **Sur-reply**: If Respondent raised affirmative defenses in the response that Petitioner addressed in the reply, then Respondent may file a sur-reply to address only those arguments raised in the reply. The sur-reply may be filed within thirty (30) days after the filing of the reply and may not exceed ten (10) pages.

- **Motion for discovery and motion for evidentiary hearing**: Given the strict limitations placed upon a federal habeas court's ability to consider evidence outside of the state court record, such motions are not encouraged. Should Petitioner determine it is prudent to file such motions, they may be filed contemporaneously with the reply (i.e., within forty-five (45) days after the filing of the response). In the event Petitioner files such motions, Respondent is expected to file responses. If Respondent does not oppose the motion, the response shall so state. The responses shall be filed contemporaneously with any permitted sur-reply (i.e., within thirty (30) days after the filing of the reply and motions). Replies shall not be filed in support of such motions without leave of the Court.

- **Supplemental state court record:** In the event Petitioner files a successive application for post-conviction relief, or a supplemental state court record is otherwise created, Respondent shall electronically file the supplemental state court record within thirty (30) days of the disposition of the matter by the Oklahoma Court of Criminal Appeals. Courtesy copies shall be provided to the Court as set forth above.

The Court will not consider filings submitted after the applicable deadlines without a showing of good cause for the failure to file within the allotted time. Except as otherwise specified herein or in General Order 24-3 filed July 15, 2024, all filings shall conform with the Rules Governing Section 2254 Cases in the United States District Courts, the Local Court Rules, and the Court's ECF Policies & Procedures Manual.

This Order disposes of all case management issues referred to the undersigned in the captioned matter.

IT IS SO ORDERED this 24th day of February, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE