# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEREK DON POSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-128-PRW |
| | ) | |
| CHRISTE QUICK, Warden, | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner's Motion to Take Judicial Notice, or, in the Alternative, Expand the Record in Support of Ground One of Petitioner's Habeas Corpus Petition (Dkt. 27).  Respondent filed a response in opposition (Dkt. 31) and Petitioner replied (Dkt. 33).  For the reasons given below, the motion is **DENIED**.

### *Background*

Petitioner, pursuant to 28 U.S.C. § 2254, filed for a writ of habeas corpus in this Court regarding his capital conviction.  He seeks to introduce certain certified court documents from an Oklahoma criminal proceeding resolved prior to his capital trial by having this Court either 1) take judicial notice of the documents or 2) expand the record pursuant to Rules 5(c) and 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner alleges these documents support Ground One of his Petition.  As required to exhaust his state court remedies, Petitioner previously presented this Ground to the Oklahoma Court of Criminal Appeals (OCCA), but he did not make the documents now at issue part of the record before the OCCA.

*Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "restricts the ability of a federal habeas court to develop and consider new evidence."[1]  "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."[2]  Pertinent here, § 2254(d) provides the standards for evaluating the merits of a habeas petition when a claim was adjudicated on the merits in state court.[3]  Section 2254(d) is divided into two subparts.[4]  Review of habeas grounds under either subpart is "limited to the record that was before the state court."[5]  Section 2254(e)(2) allows a federal court to admit new evidence when a prisoner "failed to develop the factual basis of a claim in State court proceedings," but only in limited circumstances.[6]

## I.     Petitioner's request is subject to § 2254(e)(2)

Although § 2254(e)(2) references evidentiary hearings, it applies "[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing."[7]  This prevents "an end-run around the statute" by restraining a federal court from considering

---

[1] *Shoop v. Tywford*, 596 U.S. 811, 819 (2022).

[2] *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).

[3] 28 U.S.C. § 2254(d).

[4] *Id.*

[5] *Shoop*, 596 U.S. at 819 (citation modified).

[6] 28 U.S.C. § 2254(e)(2).

[7] *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003).

new evidence "so long as [it] avoided labeling [the] intake of the evidence as a hearing."[8]

Here, Petitioner's goal is to introduce certain court documents into the record and have a federal court evaluate his claims in light of the information in those documents even though that information was not presented to the state court.  Regardless of the procedural device Petitioner advances to fulfill this goal, he must meet the requirements of § 2254(e)(2).

Petitioner asserts that his request is not subject to § 2254(e)(2) because he did not fail to develop the evidence; he reasons that because the documents predated his capital trial, he never needed to create or "develop" them.  However, § 2254(e)(2)'s opening clause focuses on a petitioner's diligence in investigating and pursuing claims in state court in light of the information available at the time.[9]  The purpose of this "is to ensure the prisoner undertakes his own diligent search for evidence."[10]  Here, Petitioner does not allege that he was unaware of the documents, that a third-party withheld the documents from him, or that the OCCA refused to consider the documents for an illegitimate reason.  Petitioner has not shown that he was diligent in investigating and presenting these facts to the OCCA, so § 2254(e)(2) is applicable to his current request to expand the record.

Finally, Petitioner asserts that once he overcomes the limitations of § 2254(d) the certified court documents are not subject to § 2254(e)(2).  However, "[§] 2254(e)(2)

---

[8] *Shinn v. Ramirez*, 596 U.S. 366, 389 (2022) (citation modified).

[9] *Williams v. Taylor*, 529 U.S. 420, 435 (2000).

[10] *Id.*

continues to have force where § 2254(d)(1) does not bar federal habeas relief."[11]  While Petitioner alleges that he meets the requirements of both subsections of § 2254(d), Petitioner has not identified, and this Court cannot find, precedent that authorizes treating the two subparts of § 2254(d) differently regarding the continuing application of § 2254(e)(2).  Thus, even if a state court opinion cannot survive scrutiny under § 2254(d), a petitioner must still meet the requirements of § 2254(e)(2) to introduce new evidence for a federal court's consideration. The Tenth Circuit endorsed this procedural approach.[12] Further, in habeas cases a "court must be guided by the general principles underlying our habeas corpus jurisprudence."[13]  Requiring a Petitioner to meet the strict standards of § 2254(e)(2) before expanding the record—even after surpassing the limitations of § 2254(d)—"carries out AEDPA's goal of promoting comity, finality, and federalism."[14]

## II.    Petitioner's request does not satisfy § 2254(e)(2)

Petitioner does not argue that he can clear § 2254(e)(2)'s bar.  To admit new evidence under § 2254(e)(2), Petitioner's claim must either "rely on a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by [the Supreme Court], or it must rely on a 'factual predicate that could not have been previously

---

[11] *Pinholster*, 563 U.S. at 185.

[12] *Milton v. Miller*, 744 F.3d 660, 673 (10th Cir. 2014).

[13] *Twyford*, 596 U.S. at 821.

[14] *Pinholster*, 563 U.S. at 185 (citation modified).

discovered through the exercise of due diligence.'"[15]  Further, Petitioner "must also show that the desired evidence would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the charged crime."[16]  Petitioner is not arguing a new rule of constitutional law and has not claimed that he was previously unable to discover the documents he seeks to introduce now.   Petitioner cannot satisfy the requirements of § 2254(e)(2) under the current facts, so he may not introduce the certified court documents that he failed to present to the OCCA.

***Conclusion***

For the reasons given above, the Court **DENIES** the motion (Dkt. 27).

**IT IS SO ORDERED** this 10th day of March 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[15] *Twyford*, 596 U.S. at 819 (quoting 28 U.S.C. § 2254(e)(2)(A)).

[16] *Id.* (quoting 28 U.S.C. § 2254(e)(2)(B)).