**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEREK DON POSEY,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **WILLIS PETTIT, Warden,** <br> **Oklahoma State Penitentiary,** <br><br> **Respondent.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. CIV-25-128-PRW** <br> **(CAPITAL CASE)** |

**RESPONDENT'S SUR-REPLY TO PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

The Attorney General of the State of Oklahoma, Gentner F. Drummond, appearing on behalf of the above-named Respondent, submits the following sur-reply to Petitioner's Reply to Response to Petition for a Writ of Habeas Corpus. *See* (Doc. 53). In his reply, Petitioner argues that this Court is prohibited by law of the case from applying an anticipatory procedural bar to claims that he did not properly exhaust in state court. (Doc. 53 at 8-9).[1] Respondent will show that Petitioner is incorrect. *See* (Doc. 16 at 4 ("Respondent may file a sur-reply to address only those arguments raised in the reply" regarding any affirmative defenses raised by Respondent)).

Respondent has shown that most of Petitioner's claims were not raised in state court when he filed the Petition. (Doc. 47 at 28-34, 86-87, 95 n.22, 106-108, 131-138). These claims are, however, technically exhausted because the OCCA will not consider them in

[1] Page citations to documents filed in this Court will be to the ECF pagination.

any second or successive post-conviction application. (Doc. 47 at 28-34, 86-87, 95 n.22, 106-108, 131-138). *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022). Respondent, therefore, asked this Court to apply an anticipatory procedural bar. (Doc. 47 at 28-34, 86-87, 95 n.22, 106-108, 131-138). *See Shinn*, 596 U.S. at 378 (a federal court should decline to hear a claim that was not presented in state court in accordance with state law); *Grant v. Royal*, 886 F.3d 874, 901-02 (10th Cir. 2018) (applying an anticipatory procedural bar and collecting cases); Okla. Stat. tit. 22, § 1089(D)(8) (providing strict limitations on the claims that may be raised in a second or successive post-conviction application).

In his reply, Petitioner correctly notes that this Court granted his motion to permit federal counsel to file a second post-conviction application ("SAPCR"), over Respondent's objection. (Doc. 53 at 8-9). Petitioner errs, however, when he claims this Court's prior order now binds it under law of the case principles. (Doc. 53 at 9).

This Court's order "extends only to whether Petitioner's currently appointed counsel may file the SAPCR on his behalf. Thus, this Court need not consider the merits of Petitioner's claims in order to rule on that motion." (Doc. 40 at 3). This Court did state that it would be intrusive of state sovereignty to apply an anticipatory bar rather than allowing the state court to review the claims. (Doc. 40 at 3). However, this Court then concluded that it would grant Petitioner's motion "[g]iven the early stage of Petitioner's habeas proceedings," "counsel's familiarity with the voluminous record, counsel's responsibility in developing the claims, the strict time restrictions imposed by Oklahoma statute, and judicial efficiency." (Doc. 40 at 3).

To the extent Petitioner suggests that this Court held that it will not ever apply an anticipatory bar to the "unexhausted" claims in this case, *see* (Doc. 53 at 8-9), Respondent has a different reading of this Court's order. Respectfully, Respondent believes this Court balanced the various considerations and decided that, at that "early stage" in the proceedings, it would be better to permit habeas counsel to file a post-conviction application. Respondent's interpretation is supported by this Court's statement that its "decision today extends only to whether Petitioner's currently appointed counsel may file the SAPCR on his behalf." (Doc. 40 at 3).

However, if Petitioner is correct, then Respondent does respectfully argue that this Court's decision was clearly erroneous. *See* (Doc. 53 at 9). It is indisputably proper for a federal court to apply a procedural bar to claims that have not been addressed in any way by a state court. *See Shinn*, 596 U.S. at 378 (a federal court should decline to hear a claim that was not presented in state court in accordance with state law); *Grant v. Royal*, 886 F.3d 874, 901-02 (10th Cir. 2018) (applying an anticipatory procedural bar and collecting cases). For all of the reasons provided in the Response, this Court should do so here.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/Jennifer L. Crabb**
**JENNIFER L. CRABB, OBA #20546**
**SUPERVISORY ASSISTANT**
**ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 FAX (405) 522-4534
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X** I hereby certify that on this 10th day of August, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Hunter Labovitz
Brendan Van Winkle
Assistant Federal Public Defenders
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
Hunter_Labovitz@fd.org

s/JENNIFER L. CRABB